**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____**

| | |
|---|---|
| David Greenley,<br><br>    Plaintiff,<br>v.<br><br>J.C. Christensen & Associates, Inc.,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff David Greenley (hereinafter "Plaintiff") is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5. Defendant J.C. Christensen & Associates, Inc., (hereinafter "Defendant JCC") is a collection agency operating from a corporate office address of 200 14th Ave E Sartell, Minnesota 56377, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or before September 26, 2011, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted medical debt with Hennepin Faculty Associates.

7. Between September 28, 2011, and October 25, 2011, Defendant JCC and the collectors employed by Defendant JCC repeatedly and willfully contacted Plaintiff on his cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act*

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

9. At all times relevant to this complaint, the Defendant JCC has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

10. The Defendant JCC at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

11. The Defendant JCC at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

12. At all times relevant to this complaint, the Defendant JCC has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, the Defendant JCC has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

14. Within one year immediately preceding the filing of this lawsuit, Defendant JCC telephoned the Plaintiff's cellular phone on numerous occasions and left messages on the Plaintiff's answering service and in violation of the TCPA.

15. Defendant JCC and its collectors repeatedly called Plaintiff on his cell phone using an automatic telephone dialing system and left him voice mails on his cell phone in an attempt to collect this debt.

16. On many of these messages, Plaintiff heard a message from Defendant JCC telling him to return the call.

### *Cease and Desist Verbal Demand Ignored*

17. On or about September 28, 2011, Defendant JCC called Plaintiff on his cellular telephone using an autodialed computer call.

18. At that time, Plaintiff verbally demanded that Defendant JCC stop calling his cellular telephone number and revoked any implied or other right for Defendant JCC to use an autodialer to contact his cellular telephone number (612) 810-7626.

### *Cease and Desist Letter Ignored*

19. On October 11, 2011, Plaintiff sent a letter to Defendant JCC via first-class United States Mail informing them that he had never consented to telephone

calls from Defendant JCC on his cellular telephone and had never consented to the automated calls from Defendant JCC.

20. Plaintiff also explicitly and in writing revoked any permission or consent Defendant JCC may have had to call his cellular telephone number (612) 810-7626 and instructed Defendant JCC to never call his cellular telephone ever again.

21. In response to this letter, Defendant JCC has continued to call using an automated computerized dialer and/or a pre-recorded and/or synthesized voice to leave him messages.

22. Plaintiff received at least 4 additional autodialed calls from Defendant JCC after telling Defendant JCC in writing to stop calling his cellular telephone number (612) 810-7626, with some of these calls coming in from a telephone number shown on caller ID as (651) 304-6835.

23. The additional calls made to Plaintiff by Defendant JCC in willful violation of the TCPA and the FDCPA were made on or about October 12, 2011, October 17, 2011, October 21, 2011, and October 25, 2011.

24. All of these calls and messages were sent in willful violation of the TCPA and the FDCPA because they came after Plaintiff had told Defendant JCC to stop calling his cellular telephone in an effort to collect this debt.

25. These calls and messages were sent in willful violation of the TCPA and the FDCPA because the Plaintiff never consented to Defendant JCC making such calls on his cellular telephone in an effort to collect this debt.

26. These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others, as well as violations of the TCPA, 47 U.S.C. § 227 *et seq*.

### *Summary*

27. All of the above-described collection communications made to Plaintiff by Defendant JCC and other collection employees employed by Defendant JCC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of his privacy by the use of repeated calls.

### **TRIAL BY JURY**

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant JCC and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31. As a result of Defendant JCC's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant JCC herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Within the one year period immediately preceding this action, the Defendant JCC made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

34. The acts and or omissions of Defendant JCC at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant JCC at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

36. Defendant JCC did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

37. Defendant JCC made such calls willfully, and in direct contradiction to the Plaintiff's October 11, 2011, written demand, and September 28, 2011, verbal demand to cease and desist calling his cellular telephone.

38. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

39. Defendant JCC willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

40. Plaintiff is entitled to injunctive relief prohibiting Defendant JCC from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant JCC as follows:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant JCC and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant JCC and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant JCC and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant JCC and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant JCC and for Plaintiff;

- for an injunction prohibiting Defendant JCC from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 1, 2011

**BARRY, SLADE & WHEATON, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff David Greenley, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___November___ ___01___, ___2011___
             Month        Day        Year

_____
Signature